## ERHARDT *v.* BOARO *et al.*

(*Circuit Court U. S. District of Colorado—September Special Term, 1881, at Pueblo.*)

DISCOVERY—LOCATION—TIME ALLOWED. Upon the discovery of a lode bearing silver in the public lands, a citizen is entitled to locate a full claim, and he has the time allowed by law to complete the location.

NOTICE—HOW MADE. A notice posted at the point of discovery, specifying the nature and extent of his claim, will protect the locator's right for the time allowed by law in which to complete the location, although he may be absent from the claim during part of such time.

SAME—MUST SPECIFY EXTENT OF CLAIM. But if he fails to specify, in his notice of discovery and claim to the ground, the extent of his claim, as that it extends a certain distance from the point of discovery in a direction named, it will relate only to the place where it stands. As against others afterwards locating in the vicinity, it will cover only ground necessary for sinking a shaft.

ESTOPPEL—TRESPASSER. One who goes on ground taken up by another for mining purposes during the temporary absence of the first locator, and excludes him therefrom, and thereby prevents the first locator from completing his title, shall not be permitted to allege any defect in that title.

Ejectment for a mining claim in the county of Dolores, called by plaintiff, Hawk lode, and by defendant, Johnny Bull lode. Plaintiff alleged a location begun in June, 1880, by one Thomas Carroll, who was employed by plaintiff to search for lodes, under an agreement to give plaintiff four-fifths interest in all locations made by him, Carroll retaining one-fifth for himself. Carroll testified that he found at the place in controversy, on the surface of the ground, indications of a lode, and, with a pick, made an excavation a foot or eighteen inches in depth, which disclosed a lode very clearly, and that he planted there a discovery stake, claiming the lode for plaintiff and himself. The notice on the stake was in the usual form, except that nothing was declared as to the length of the lode, or its extent in either direction from the point of discovery. The stake was set up on the 17th day of June, and Carroll returned to the place about the 1st of August thereafter, with intent to resume work and to sink the shaft ten feet or more, and complete the location. Finding the place occupied by Boaro and Hull, two of the defendants, he was deterred from any attempt to regain possession by threats of violence from them. The threats were not made to Carroll, but were communicated to him by others. Aside from the testimony

12

of Carroll himself, to the effect that the threats were communicated to him, there was nothing to show that they were made during the time for completing the location; but some witnesses testified that they heard threats from the parties in possession after that time. Carroll also said that the situation of the defendants as "jumpers" induced him to believe that they would resist his claim with force. At all events, he made no demand for the premises, nor did he attempt to go on with the work after he discovered that they were occupied. He applied to plaintiff's agent in Rico for assistance to regain possession, which was denied him, on the ground that legal steps would be taken for that purpose. Carroll's testimony was supported by other witnesses on some points, which it is not necessary to enumerate. A surveyor employed by defendants to survey the ground for re-location, without the knowledge of defendants, set up boundary stakes for plaintiff's Hawk location, and gave a description of the premises, which plaintiff inserted in a certificate of location, and filed it for record within the time limited by statute for making and recording such certificate. Neither Carroll nor plaintiff sunk any discovery shaft on the ground in dispute, or posted a notice of discovery, except that mentioned by Carroll as having been set up on the 17th of June.

At the close of plaintiff's testimony, defendants moved for judgment of nonsuit, on the ground that plaintiff had not shown a location complete under the statute. Counsel urged that plaintiff could have no right to the possession except on proof of all things necessary to a valid location done within the time limited by law. And this, although it should appear that defendants prevented Carroll from going on to complete the location, by threats or by occupying the ground. And it was said, that to give plaintiff a right of action, would be to declare that the work done by defendants in sinking a discovery shaft and putting up notice of discovery should inure to plaintiff's benefit.

The Court said that no such presumption could be indulged, and that it was not necessary to assume that the work had been done by any one. If, as contended by plaintiff, defendants took possession of the ground with knowledge of Carroll's prior location, and prevented Carroll and the plaintiff from going on with the work, they should not have advantage of their own wrong. Under the circumstances charged, the defendants could not be

allowed to deny the force and validity of plaintiff's location in any way. The motion for judgment was denied.

Defendant Boaro then testified that he made the Johnny Bull location in the last days of June, 1880. That he found nothing on the surface of the ground to indicate a lode, nor any such excavation or stake as that mentioned by the witness Carroll. That, upon all the territory covered by the location, there was nothing whatever, at the time he went on the ground, to show that it had been located on the 17th day of the same month, or at any time. This witness was supported in some portions of his testimony by others, and, on the whole evidence, it must be said that it was very conflicting on the principal points affecting the two locations. But it was conceded that the plaintiff's, if made at all, was prior to the other in time.

In the course of the trial it became a question whether the plaintiff, on evidence of title to four-fifths interest in the Hawk location, could have judgment for the entire interest. Counsel maintained, that in an action against a stranger to the title, a tenant in common may sue for his co-tenants as well as himself. The point was not then decided, and afterwards proof was offered by defendants of certain declarations of Carroll, to which plaintiff objected, that he was not bound by them. But the Court said, that if the suit was brought for Carroll's interest, as well as that claimed by plaintiff in his own right, the declaration should be received as affecting Carroll's one-fifth interest. Thereupon the plaintiff declared that he would maintain his action for his own interest only, and the evidence was excluded. Plaintiff asked leave to amend his complaint, to demand four-fifths interest instead of the whole, and it was allowed him.

The Court charged the jury, as follows:

HALLETT, J.

*First*—The first question for the consideration of the jury is as to the discovery of a lode or vein of silver-bearing ore by Carroll at the place in controversy. It is incumbent on the plaintiff to show, by preponderance of testimony, that such discovery was made. On this point, there is the testimony of Carroll as to what he found there, and some evidence on both sides as to the condition of the ground in the locality. The position of the plaintiff is, that the lode cropped out at the place, and was clearly disclosed by the slight work with a pick, which Carroll

testifies to. The position of the defendants is, that there was not or the surface of the ground any indications of a lode, and that it was necessary to make a considerable excavation to reach the lode. They also claim that there was no excavation whatever, such as mentioned by Carroll, at the place in controversy at and before the time of the location by Boaro. I am requested by plaintiff's counsel to add that it is not essential to the validity of a discovery that the mineral-bearing rock should be found in place.

If the outcrop of the vein or body of mineral-bearing rock is found on the surface, the law allows the discoverer the period of sixty days from the date of his discovery, for showing the vein or body of mineral-bearing rock, to be in place at a depth of ten feet or more from the surface.

That proposition is correct.

The foregoing question, on which the testimony is conflicting, you are to determine, and if, upon that, you find for the plaintiff, you should proceed to the matters hereinafter stated. If, on that point, you find for defendants, your verdict will be for them on that alone, without reference to any other matter.

*Second*—If you find the first point for plaintiff, a further question for your consideration is, as to the posting of notice at the point of discovery. It is incumbent on the plaintiff to show, by preponderance of testimony, as before stated, that a notice of the discovery and of the claim of the locator was put up at the point of discovery.

Notice in any other form would be as effectual probably, but, as the plaintiff claims that the notice was posted on the claim, it is only necessary to consider whether that method was adopted.

Carroll testifies that he posted a notice in his excavation at the point of discovery, and there is some evidence of admissions or declarations by Boaro to the effect, that he found a stake there when he went on the ground. The defendants claim that no such notice was posted, and none found there by Boaro when he made his location. This is a controverted question, similar to the first stated, which you are to determine on the evidence.

If you find that notice was posted, as testified by Carroll, you should also find that it was sufficient for the purpose for which it was designed, with this modification. It is in evidence, and it

seems to be conceded by plaintiff, that the notice on the stake contained no specification or description of the territory claimed by the locators, as that they claimed a number of feet on each side of the discovery, or in any direction therefrom.

In this respect the notice was deficient, and, under it, the locators could not claim more than the very place in which it was planted. Elsewhere, on the same lode or vein, if it extends beyond the place in controversy, any other citizen could make a valid location; for this notice, specifying no bounds or limits, cannot be said to have any extent beyond what would be necessary for sinking a shaft.

*Third*—If you find these matters for the plaintiff, a third question for your consideration is, whether defendant Boaro, in making the location under which defendants claim, went into the slight excavation made by Carroll and there sunk his own discovery shaft, or run his own cut, making that the basis of defendants' location.

If he did so, the plaintiff having then a right to that locality, as before explained, the entry of Boaro was an intrusion into his territory, for which he may maintain this action. But it should appear to you, from the evidence, that Boaro entered at the very place which had been previously taken by Carroll, because, as Carroll's notice failed to specify the territory he wished to take, it could not refer to or embrace any other place than that in which it was planted. Possibly the rule here laid down may be applicable to the case in which a subsequent locator may sink his discovery shaft so near to that of the first locator, as to prevent further work by the latter in the development of the claim. But it is not necessary to advert to that matter, for the plaintiff contends that Boaro went into the very place where Carroll made his excavation and planted his discovery stake, and there made a cut, shaft or other opening, on which to found his own location.

That is the question in issue between the parties, and you should decide it on the evidence.

*Fourth*—These things being found for the plaintiff, a fourth question for your consideration is, whether Carroll, after discovering the lode, abandoned it.

To perfect their location, it was incumbent on the plaintiff and Carroll, as the locators of the claim, to sink a discovery shaft

within sixty days after the date of location, and to do the other things required by statute within ninety days from that date. Failing in that, they would have no right whatever to the territory in controversy. And although Carroll may have intended to do the necessary work, and to perfect the location within the time limited by statute at the time he set up his stake, if he afterwards abandoned that intention, the plaintiff cannot recover. It should appear to you, from the evidence, that the plaintiff and Carroll, at the time the Hawk location was made, and continuously thereafter, held and maintained the purpose and intention to complete the location, and that they were prevented from doing so by the act of Boaro and Hull in taking possession of the place in controversy, and excluding Carroll and the plaintiff therefrom. If, by the use of reasonable diligence, the plaintiff and Carroll could have obtained possession for the purpose of doing the necessary work, it was their duty to use such diligence. If, by demand on Boaro and Hull, they could have obtained such possession, it was their duty to make such demand. But they were not bound to attempt to do the work at any other place than that which had been selected by Carroll, nor were they bound to use force to gain possession, or even to bring an action therefor. If they were excluded by Boaro and Hull from the possession of the very place selected by Carroll for his discovery cut or shaft, with intent on the part of the latter to hold the ground against them, it is enough on this point.

*Fifth*—These several questions must be found for plaintiff, by preponderance of testimony, to support a verdict in his favor, for, if, after one has discovered a lode, and set up a notice of his claim to it, and within the time fixed by law for doing the work necessary to a valid location, another coming to the same place and taking possession thereof, to the exclusion of the first, shall not have advantage of his own wrong; nor shall the subsequent locator in such case be permitted to allege anything against the right of the first locator.

To permit the junior locator to deny the right of the other, under such circumstances, would be to deny him all remedy, which cannot be allowed.

And, therefore, if the facts mentioned are established by the evidence, the regularity and validity of plaintiff's location shall

be assumed. And if, upon the evidence, you affirm the foregoing propositions for the plaintiff, your verdict should be for him.

If you deny any or all of them, you should find for defendants. The jury returned a verdict for defendants.

*Thomas Macon, H. C. Thatcher* and *J. M. Semple*, for plaintiff. *Thomas M. Patterson* and *Julius Thompson*, for defendants.